490 P.2d 465

**Jose E. GOMEZ et al., Plaintiffs-Appellants,**

v.

**BOARD OF EDUCATION of DULCE INDE-PENDENT SCHOOL DISTRICT NO. 21, Defendant-Appellee.**

No. 9252.

Supreme Court of New Mexico.

Oct. 18, 1971.

Rehearing Denied Nov. 18, 1971.

Bigbee, Byrd, Carpenter & Crout, Michael H. Siegler, Paul D. Gerber, Santa Fe, for plaintiffs-appellants.

Solomon & Roth, Santa Fe, for defendant-appellee.

OPINION

McMANUS, Justice.

This cause was brought in the District Court of Rio Arriba County by resident qualified voters owning real property within the defendant School District seeking a declaratory judgment that the expenditure of certain funds of defendant to be derived from the issuance of bonds approved at an election, violated the provisions of Art. XII, § 3, and Art. IX, §§ 11 and 14, of the Constitution of New Mexico. The first count of the complaint seeking to set aside the election for failure to comply with certain statutory provisions was withdrawn and plays no part in this suit. After a hearing, the nature and contents of which are not reflected in the transcript, the court entered the following order of dismissal:

"This matter having come on regularly before the Court, and the Contestants being present by and through counsel, Bigbee & Byrd and G. Stanley Crout, and the Contestee being present by and through counsel, Charles S. Solomon, and the Court having heard the arguments of counsel and having examined the record herein; and,

"The Court being advised by counsel for the Contestants that they have withdrawn their First Cause of Action and wish to proceed solely on the Second Cause of Action; and

"The Court finds that the Second Cause of Action is framed as a declaratory judgment action and considered the arguments and authorities presented by counsel on such basis,

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Second Cause of Action be dismissed

without prejudice on the merits in any subsequent cause on the grounds that it is premature and there is no justiciable controversy between the parties at this time."

The moneys from the bond issue referred to above, as alleged in the complaint and not denied, are to be spent for roads, equipment, class rooms, and for other purposes, some of the improvements to be made on Jicarilla Apache Tribe lands under lease to the defendant herein. The fact that the bond issue money has not been raised, nor spent, does not make the suit a premature one. The suit is one to be determined at the present time. The New Mexico declaratory judgment act, § 22–6–1, N.M.S.A. (1953 Comp.), reads:

"In cases of actual controversy, the courts of record of the state of New Mexico shall have power, upon petition, declaration, complaint, or other appropriate pleadings, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of the final judgment or decree and be reviewable as such."

See Jones v. Merrimack Valley School District, 107 N.H. 144, 218 A.2d 55, 57 (1966).

Inasmuch as the plaintiff has alleged several violations of our Constitution, and the parties are interpreting the Jicarilla Apache Tribe—Board of Education lease differently as between them, it would appear obvious that an actual controversy exists.

The order dismissing this cause is hereby reversed and remanded for a trial on the merits.

It is so ordered.

COMPTON, C. J., and OMAN, J., concur.